Filed 1/7/21  P. v. Morton CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B304883 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA471275) |
| v. | |
| MARK WESLEY MORTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Frederick N. Wapner, Judge.  Affirmed.

Alan E. Spears, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Mark Wesley Morton appeals from a judgment entered after a jury verdict. Our review is under *People v. Wende* (1979) 25 Cal.3d 436.

An amended information charged Morton with possession of a firearm by a felon with a prior (Pen. Code,[1] § 29800, subd. (a)(1); count 1), unlawful possession of ammunition (§ 30305, subd. (a)(1); count 2), and discharge of a firearm with gross negligence (§ 246.3, subd. (a); count 3). The information also alleged that Morton had a prior conviction (§ 667.5, subd. (a)). The trial court granted a motion to dismiss count 3 under section 995.

Morton proceeded to a jury trial on remaining counts 1 and 2. At his trial, three security guards who were working at the Hollywood and Highland complex on the early morning of August 25, 2018 testified. According to a security guard working at a club, Morton had a gun tucked into his belt. He had a disagreement with some men. The security guard asked Morton to leave. As Morton was leaving someone threw a bottle, so Morton drew his gun. Morton continued to walk away, but the men chased him. A gunshot rang out. A second security guard heard the gunshot and then saw Morton running down the up escalator. Morton tripped, causing the gun to discharge. Morton ran to the street level where he hid a gun under a kiosk. Police officers recovered a loaded semiautomatic gun from under the kiosk.[2] Ten bullets were in the 12-bullet-capacity magazine. One casing was also recovered.

Morton stipulated that he had a prior felony conviction.

---

[1] All further statutory references are to the Penal Code.

[2] Video surveillance of the events were introduced at trial.

Morton testified in his defense that months before the incident, he had received threatening texts from an ex-girlfriend's brother. On the night of the incident, Morton was at a club celebrating a friend's birthday when about eight men surrounded him. Feeling he needed protection, someone from security who knew Morton's friend gave Morton a gun, however, Morton did not know if it was loaded. Outside the club, the men followed Morton, and he could see that one man had a knife and another a gun. A security guard told Morton to leave, so he did. However, the men pursued him and threw bottles at him. Someone, not Morton, fired a gun. Morton tripped, and his gun discharged. He left the gun under the kiosk because it did not belong to him.

The jury was instructed on the defense of necessity.

The jury found Morton guilty as charged. On January 9, 2020, the trial court sentenced Morton to three years on count 1 and imposed but stayed a three-year term on count 2. Morton received 80 days of custody credits. The trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $30 court facility assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.86).

Morton appealed. His court-appointed counsel filed an opening brief which raised no issues and asked this court to conduct an independent review of the record under *People v. Wende*, *supra*, 25 Cal.3d at page 441. By letter, we advised Morton that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. He did not submit a brief.

We have examined the record and are satisfied no arguable issues exist and Morton's attorney has fully complied with the

responsibilities of counsel.  (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED.


DHANIDINA, J.


We concur:



EDMON, P. J.



LAVIN, J.